UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HOLLYWOOD FIREFIGHTERS' PENSION SYSTEM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | Case No. 23-cv-2445-JST<br><br>**ORDER DENYING MOTION TO INTERVENE AND STAY**<br><br>Re: ECF No. 27 |

Before the Court is Asbestos Workers Philadelphia Welfare and Pension Fund, Jose F. Isais, and Lubna Salah's ("Proposed Intervenors") motion to intervene and stay. ECF No. 27. The Court will deny the motion.

On May 19, 2023, Plaintiff City of Hollywood Firefighters' Pension System filed a shareholder derivative complaint against Defendant Wells Fargo & Company, as well as certain directors of Wells Fargo. ECF No. 1 at 4. The complaint alleges "breaches of fiduciary duty in connection with [Wells Fargo's] failure to comply with federal law, including explicit regulatory requirements established by federal regulators in multiple consent orders since 2018[.]" *Id.* On June 20, 2023, Proposed Intervenors filed this motion to intervene and stay. ECF No. 27.

First, Proposed Intervenors seek to intervene as of right under Federal Rule of Civil Procedure 24(a).[1] The rule is "broadly interpreted in favor of intervention," and requires a movant

---

[1] Although Proposed Intervenors' motion is not "accompanied by a pleading that sets out the claim or defense for which intervention is sought[,]" ECF No. 33 at 10, as is required by Federal Rule of Civil Procedure 24(c), this procedural defect will not bar Proposed Intervenors' motion. *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1188 (9th Cir. 2009) (quoting *Shores v. Hendy Realization Co.*, 133 F.2d 738, 742 (9th Cir.1943)) (holding that "failure to comply with the Rule 24(c) requirement for a pleading is a 'purely technical' defect which does not result in the 'disregard of any substantial right.'")

to show that:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citation omitted). Courts deciding motions to intervene as of right are "guided primarily by practical considerations, not technical distinctions." *Id*. (citation and quotations omitted).

In their motion, Proposed Intervenors state that they "have an interest in the transactions that are the subject of this action, namely, similar and overlapping breaches of fiduciary duty that harm [Wells Fargo]." ECF No. 27 at 7. Plaintiff opposes the motion, contending that "the derivative nature of Proposed Intervenors' potential claims precludes them from having a significant protectable interest." ECF No. 33 at 11.

The Court agrees with Plaintiff that Proposed Intervenors have failed to demonstrate that they have a significant protectable interest in this litigation. In "a derivative action, the real party in interest is the corporation, and the shareholder plaintiff is 'at best the nominal plaintiff.'" *In re Facebook, Inc. S'holder Derivative Priv. Litig.*, 367 F. Supp. 3d 1108, 1130 (N.D. Cal. 2019) (quoting *Ross v. Bernhard*, 396 U.S. 531, 538 (1970)). "Any remedies resulting from the action belong to the corporation and it is bound by the result of the suit." *Id*. (internal quotations omitted). Because of the derivative nature of this action, Proposed Intervenors have no significant protectable interest in the outcome of this litigation.

Even if Proposed Intervenors could establish a significant protectable interest, they would still be unable to demonstrate adequacy of representation. "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)). "The prospective

intervenor bears the burden of demonstrating that existing parties do not adequately represent its interests." *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 398 (9th Cir. 2002).

Proposed Intervenors contend that Plaintiff does not adequately represent Wells Fargo's interests, as Plaintiff "effectively ignored its obligation to conduct a diligent [Delaware General Corporation Law Section 220] investigation before filing suit[.]" ECF No. 27 at 9. Specifically, Proposed Intervenors argue that they made their § 220 demand in March 2023, and therefore any proposed claims would be "based on misconduct found by the [2022 Consumer Financial Protection Bureau Order]." ECF No. 35 at 4.[2] But this is not enough to overcome the presumption that Plaintiff can adequately represent Wells Fargo's interests. Plaintiff conducted a § 220 investigation, and its complaint likewise "asserts *repeated* Board failures in the face of red flags from 2018 through April 2021." ECF No. 33 at 13 (emphasis in original). Indeed, Plaintiff's complaint references the 2022 CFPB Order on multiple occasions. *See, e.g.*, ECF No. 1 ¶¶ 13, 167, 169. It neither appears that Plaintiff "rushe[d] to file a *Caremark* claim," *South v. Baker*, 62 A.3d 1, 23 (Del. Ch. 2012), nor is it likely that Plaintiff is "in a weaker position" to claim demand futility. ECF No. 27 at 9. To be sure, any derivative complaint that Proposed Intervenors' may file would cover a slightly different time period than Plaintiff's complaint, and their claims are not likely to be "completely subsumed in Plaintiff's claims." ECF No. 35 at 4. The Court, however, is not convinced that this is sufficient to deem Plaintiff an inadequate representative of Wells Fargo's interests in this action.

"Failure to satisfy any one of the requirements is fatal" to a Rule 24(a) request. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009). Proposed Intervenors have not demonstrated a significantly protectable interest, and they have failed to establish that they are not adequately represented by Plaintiff. Accordingly, their motion to intervene as of right is denied.[3]

---

[2] In Delaware, the three-year statute of limitations for breach of fiduciary duty claims is tolled when a shareholder serves a demand under Section 220. *See Lebanon Cty. Emps.' Ret. Fund v. Collis*, 287 A.3d 1160, 1208–09 (Del. Ch. 2022). "Plaintiff's Section 220 Demand . . . was served on September 27, 2021," and "reaches conduct dating back to September 27, 2018." ECF No. 33 at 14–15.

[3] In light of this conclusion, the Court declines to reach Proposed Intervenors' remaining arguments regarding intervention as of right.

In the alternative, Proposed Intervenors seek permissive intervention. ECF No. 27 at 10. To obtain the right of permissive intervention, Federal Rule of Civil Procedure 24(b) "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citations omitted). Additionally, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Neither party disputes that Proposed Intervenors' motion was timely filed or that a common question of law or fact exists with the underlying action. As Plaintiff points out, however, Proposed Intervenors "have not identified independent grounds for jurisdiction, as is specifically required under Rule 24(b)(1)(B)." The Court denies Proposed Intervenors' motion on that ground.

The Court is also unpersuaded by their remaining argument that intervention will not unduly delay this litigation. *See Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (denying a motion to permissively intervene under Rule 24(b) because the proposed intervenor failed to "assert [an] independent basis for jurisdiction."). Although Proposed Intervenors claim that they "only need a limited stay to ensure that their claims . . . are properly investigated," they concede that they "cannot proposed a definitive time for when the stay would end." ECF No. 35 at 4. As Plaintiff notes, there is "no estimate of how long it will take [Proposed Intervenors] to receive whatever books and records they have demanded, review the productions, and prepare and file a derivative complaint[.]" ECF No. 33 at 16. This Court is scheduled shortly to determine the question of lead plaintiff and lead counsel status. *See, e.g.,* ECF Nos. 81, 84, 85 (calendaring hearing on motions to appoint lead plaintiff and lead counsel). Given these impending deadlines,

/ / /
/ / /
/ / /
/ / /
/ / /

the Court finds a significant potential for delay if a stay of undetermined length were to be granted. Accordingly, it declines to exercise its discretion to grant permissive intervention.

**IT IS SO ORDERED.**

Dated:  November 16, 2023



JON S. TIGAR
United States District Judge