UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF HOLLYWOOD FIREFIGHTERS' PENSION SYSTEM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>Defendants. | Case No. 23-cv-02445-JST<br><br>**ORDER GRANTING MOTION TO INTERVENE AND STAY**<br><br>Re: ECF No. 127, 130, 131 |

Before the Court is Timothy Himstreet and Montini Family Trust's (collectively, "Proposed Intervenors" or "State Plaintiffs") motion to intervene and stay or dismiss. ECF No. 127. The Court will grant the motion and stay the case.

I.  **BACKGROUND**

This derivative shareholder action arises out of defendant Wells Fargo's alleged "breaches of fiduciary duty in connection with their failure to comply with federal law, including explicit regulatory requirements established by federal regulators in multiple consent orders since 2018[.]" ECF No. 116 at 4.

On January 2, 2024, City of Hollywood Firefighters' Pension System ("City of Hollywood") was selected as Lead Plaintiff in this action, ECF No. 105, and it filed its consolidated shareholder derivative complaint on February 16, 2024. ECF No. 116. The consolidated complaint asserts one claim of relief against the Individual Defendants for breach of fiduciary duty.[1]

---

[1] The Individual Defendants in the City of Hollywood action include Steven D. Black, Mark A. Chancy, Theodore F. Craver, Jr., Maria R. Morris, Richard B. Payne, Jr., Ronald L. Sargent, Charles W. Scharf, and Suzanne M. Vautrinot. ECF No. 116 ¶¶ 17–25.

1    The earlier-filed action is *Timothy Himstreet and Montini Family Trust v. Charles W. Scharf, et al.*, No. CGC-22-599223 (Cal. Super. Ct. April 19, 2022) (the "State Action"), a shareholder derivative action brought by Proposed Intervenors against Wells Fargo and its board of directors and officers, currently pending in San Francisco Superior Court.  It pleads claims for breach of fiduciary duty, unjust enrichment, and waste of corporate assets.  ECF No. 59-1 at 58–60.  On October 5, 2022, the State Court issued an order overruling Wells Fargo's demurrer to the complaint, *id.* at 68, which was thereafter affirmed by the Court of Appeal of the State of California, First Appellate District, *id.* at 81.

Proposed Intervenors now bring this motion to intervene pursuant to Fed. R. Civ. P. 24, and to stay or dismiss pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*").

## II.    DISCUSSION

### A.    Mandatory Intervention

Federal Rule of Civil Procedure 24(a)(2) provides for intervention as a matter of right where the potential intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).

An applicant for intervention as of right must satisfy four criteria:  "(1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)).  "Failure to satisfy any one of the requirements is fatal to the application, and [the Court] need not reach the remaining elements if one of the elements is not satisfied."  *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

2

### 1. Significantly Protectable Interest

"The requirement of a significantly protectable interest is generally satisfied when 'the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue.'" *Araki*, 324 F.3d at 1084 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)).

Proposed Intervenors recognize that, "unlike in a typical motion to intervene," they "are not third parties seeking to participate in the Federal Action." ECF No. 127 at 15. Rather, they contend that "[a]s a result of satisfying . . . demand futility requirements, [they] are now authorized to act on Wells Fargo's behalf and to pursue the Company's claims." *Id.* City of Hollywood responds that "[t]he State Court's order holding that demand was excused did nothing more than establish State Plaintiffs' 'standing to sue' derivatively on behalf of Wells Fargo for the specific claims as to which demand was excused." ECF No. 134 at 12 (citing *Advanced Advisors G. P. v. Berman*, No. LACV1401420JAKSSX, 2014 WL 12772264, at *6 (C.D. Cal. Sept. 16, 2014)).

"When conducting a demand futility analysis, a Delaware court proceeds on a claim-by-claim and director-by-director basis." *Ontario Provincial Council of Carpenters' Pension Tr. Fund v. Walton*, No. 2021-0827-JTL, 2023 WL 3093500, at *29 (Del. Ch. Apr. 26, 2023); *see Beam v. Stewart*, 833 A.2d 961, 977 n.48 (Del. Ch. 2003) ("Demand futility analysis is conducted on a claim-by-claim basis"), *aff'd*, 845 A.2d 1040 (Del. 2004). If demand is excused as futile, it is solely "for the purposes of that claim." *Ontario Provincial Council of Carpenters' Pension Tr. Fund*, 2023 WL 3093500, at *29. Thus, "[i]f another set of claims arises out of a different nucleus of operative facts or concerns a different transaction, then the court moves on to the next claim and repeats the process." *Id.*

Although Proposed Intervenors have standing to sue derivatively on behalf of Wells Fargo for specific claims, they cite no authority (and the Court is aware of none) that grants them a significantly protectable interest in order to seek a stay or dismissal of the federal action on "their behalf, in connection with their entitlement to pursue litigation for Wells Fargo[.]" ECF No. 137 at 8.

3

"Failure to satisfy any one of the requirements is fatal" to a Rule 24(a) request. *Perry*, 587 F.3d at 950. Because Proposed Intervenors have not demonstrated a significant protectable interest, their motion to intervene as of right is denied. The Court declines to reach the remaining factors.

### B. Permissive Intervention

Turning to permissive intervention, "[d]istrict courts have discretion to permit an entity to intervene if the entity raises a claim that has a legal or factual issue or issues in common with the underlying action. In exercising their discretion, courts must consider whether intervention will unduly delay or prejudice the existing parties." *In re Benny*, 791 F.2d 712, 722 (9th Cir. 1986) (citing Fed. R. Civ. P. 24(b)(1)(B)) ("On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.").

City of Hollywood concedes that Proposed Intervenors' claims "share common questions of law and fact with [their] claims." ECF No. 134 at 13. Therefore, permissive intervention in this case turns on whether intervention will unduly delay or prejudice the existing parties. Proposed Intervenors contend that their motion "is brought at an early stage in the federal proceedings and without any undue delay." ECF No. 127 at 20. The Court agrees that the federal action is still in early stages—notably, the Court has yet to decide the question of demand futility. As a result, Proposed Intervenors have demonstrated that they are entitled to permissively intervene in this action.

### C. Colorado River Stay or Dismissal

Having concluded that Proposed Intervenors are entitled to permissively intervene, the Court now addresses Proposed Intervenors' *Colorado River* motion.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). In rare cases, "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the

4

contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Colorado River*, 424 U.S. at 817.  In the interest of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," a district court can dismiss or stay a federal suit "due to the presence of a concurrent state proceeding" *Id*. at 817–18.

"No matter how the *Colorado River* doctrine is formally characterized, however, one principle is clear:  a stay of federal litigation in favor of state court proceedings 'is the exception, not the rule.'" *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 835 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 554 (2024) (quoting *Colorado River*, 424 U.S. at 813).  "Only the clearest of justifications will warrant" dismissal or a stay.  *Colorado River*, 424 U.S. at 813.

The Ninth Circuit has articulated eight factors to determine whether a Colorado River stay is justified:  "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." *R.R. St. & Co. Inc. v. Transp. Ins. Co*., 656 F.3d 966, 978–79 (9th Cir. 2011).  The factors need not be evaluated like a "mechanical checklist," but rather should be applied "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 21 (1983).  "The weight to be given to any one factor may vary greatly from case to case." *Id.* at 16.[2]

### 1. Resolution of All Issues in State Court Proceedings

Because "[p]arallelism is necessary but not sufficient to counsel in favor of abstention," the Court addresses the final factor first.  *Seneca Ins. Co., Inc. v. Strange Land, Inc*., 862 F.3d 835,

---

[2] The parties agree that the first two *Colorado River* factors do not apply in this case because the dispute does not involve a specific piece of property, and both the federal and state forums are located in California.  ECF No. 127 at 22 n.14; ECF No. 134 at 17.

5

845 (9th Cir. 2017). "[E]xact parallelism" is not required; "[i]t is enough if the two proceedings are 'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). "Proceedings are substantially similar when 'substantially the same parties are contemporaneously litigating substantially the same issues in another forum.'" *Goodin v. Vendley*, 356 F. Supp. 3d 935, 944 (N.D. Cal. 2018) (quoting *Gallagher v. Dillon Grp*. 2003-I, No. CV-09-2135-SBA, 2010 WL 890056, at *3 (N.D. Cal. Mar. 8, 2010)). Where "the federal action is but a 'spin-off' of the of more comprehensive state litigation," courts should be "particularly reluctant to find that the actions are not parallel." *Nakash*, 882 F.2d at 1417.

Proposed Intervenors argue that the state and federal action arise from the "same underlying misconduct and similarly allege" that:

> (i) Following widespread consumer abuses that led to several public enforcement actions in 2016 and 2018, culminating in billions of dollars in fines, Wells Fargo's Board and senior management utterly failed to fulfill their duties to ensure the Company took meaningful steps to implement compliance and risk-management controls, monitoring and reporting systems, and oversight practices sufficient to ensure its operations complied with longstanding regulations and express regulatory requirements imposed in the wake of those scandals.[3]
>
> (ii) Despite the substantial risk of harm a failure to comply with the consent orders posed to Wells Fargo, and as was publicly revealed in findings by the House Financial Services Committee, the Company's directors and officers consistently placed short-term profits ahead of compliance and risk management and utterly failed to devote the resources and attention required to ensure compliance.[4]
>
> (iii) Those failures led to, among other things, an unprecedented "asset cap," restricting Wells Fargo's ability to increase its assets (which remains in place today), and significant monetary harm in connection with payments made by the Company to resolve claims brought by federal regulators and shareholders relating to the Company's lack of risk compliance programs and infrastructure.[5]
>
> (iv) The compliance and oversight failures are continuing and have not been sufficiently remediated.[6]
>
> (v) Demand on Wells Fargo's Board would have been futile because

---

[3] *Compare* ECF No. 59-1 ¶¶ 66–80, *with* ECF No. 116 ¶¶ 57–84.
[4] *Compare* ECF No. 59-1 ¶¶ 81–116, *with* ECF No. 116 ¶¶ 105–170.
[5] *Compare* ECF No. 59-1 ¶¶ 117, 125–32, *with* ECF No. 116 ¶¶ 106–118, 159–161, 199–200.
[6] *Compare* ECF No. 59-1 ¶¶ 115, 117, 125–32, *with* ECF No. 116 ¶¶ 171–206.

>a majority of the Board's members face a substantial likelihood of liability for breaching their fiduciary duty of loyalty in connection with the compliance oversight failures.[7]
>
>(vi) Certain officer and directors of Wells Fargo breached their fiduciary duty of loyalty to the Company and face liability for those breaches.[8]
>
>(vii) All losses and damages suffered because of the acts and transactions complained of in the actions should be recovered on the Company's behalf.[9]

*See* ECF No. 127 at 29–30. Proposed Intervenors also argue that "simply naming additional defendants or repackaging substantially identical claims does not prevent the State Court from resolving all of the derivative claims and issues." *Id.* at 31 (citing *Bushansky*, 2012 WL 3276937, at *6). And finally, Proposed Intervenors concede that the 2022 Consent Order is not currently referenced in the state complaint, but nonetheless argue that the Consent Order "is part of—and is a result of—the same longstanding and continuing failure by Wells Fargo's board and officers to rectify known control deficiencies and non-compliance that are already being litigated in the State Action." *Id.* at 32.

While City of Hollywood recognizes that "there is some overlap between [their] claims and [Proposed Intervenors'] claims," they contend that their claims "are broader and resolution of the State Action will not necessarily resolve all issues between the parties in the Federal Action." ECF No. 134 at 16. In support of this position, they assert that "they can reach conduct dating back to September 27, 2018—almost seven months further back than [Proposed Intervenors] can reach," and that Proposed Intervenors "cannot recover damages arising from any misconduct from September 2021 through 2022 leading up the entry of the December 2022 [Consent] Order." ECF No. 134 at 16.

The Court finds that the federal action is substantially similar to the state action, "meaning that the two actions are sufficiently parallel for purposes of this threshold *Colorado River* requirement." *Young Money Ent., LLC v. Universal Music Grp., Inc.*, No. CV 16-2096-GHK (JCX), 2016 WL 9450681, at *5 (C.D. Cal. July 29, 2016). The state and federal proceedings

---

[7] *Compare* ECF No. 59-1 ¶¶ 133–163, *with* ECF No. 116 ¶¶ 214–221.
[8] *Compare* ECF No. 59-1 ¶¶ 57–60, 165–80, *with* ECF No. 116 ¶¶ 222–225 .
[9] *Compare* ECF No. 59-1 at 60–61, *with* ECF No. 116 at 63.

arise from the same operative facts, name similar pertinent parties, and attempt to accomplish the same goal—namely, holding Wells Fargo's officers and directors accountable for alleged compliance deficiencies and failure to fulfill fiduciary duties.[10]  In such situations, courts have routinely deemed the state and federal actions at issue sufficiently parallel.  *See, e.g.*, *Young Money Ent., LLC*, 2016 WL 9450681, at *5 (quoting *El Centro Foods, Inc. v. Nazarian*, 2010 WL 1710286, at *2 (C.D. Cal. Apr. 21, 2010)) (finding the actions sufficiently parallel where "[i]n essence, the claims in the present action and the [state] action 'arise from a logically connected nucleus of facts and raise similar sets of substantive issues.'"); *Abcarian*, 2016 WL 7189899, at *4 (concluding the federal action was substantially similar to the state action where both "center[ed] on common facts and legal questions."); *Bushansky*, 2012 WL 3276937, at *6 (concluding the actions were substantially similar where "the instant complaint [was] based on all of the underlying legal issues from the Delaware complaint."); *Ten Five Hosp. LLC v. Hollywood Cahuenga Rest. LLC*, No. 223CV00957SVWRAO, 2023 WL 6370883, at *4 (C.D. Cal. May 3, 2023) (holding the actions were substantially similar where "[t]hey involve[d] overlap of the same parties" and were "premised on allegations as to the same underlying business relationships and transactions."); *Krieger v. Atheros Commc'ns, Inc.*, 776 F. Supp. 2d 1053, 1062 (N.D. Cal. 2011), *abrogated by United States v. State Water Res. Control Bd.*, 988 F.3d 1194 (9th Cir. 2021) (granting partial stay of federal shareholder class action where the "state and federal actions both involve[d] Delaware law claims for breach of fiduciary duty and aiding and abetting, premised on nearly identical factual allegations and theories of liability.").

As noted above, City of Hollywood argues that only it can recover damages arising from September 2018 to May 2019, and from "any claims arising from the December 2022 [Consent] Order."  ECF No. 134 at 16–17.  Maybe so, but "technical differences between the alleged claims in each of the cases do not overpower the overlapping facts and issues involved."[11]  *GreenPower*

---

[10] Although not dispositive, the Court notes that the state action includes a broader set of individual director and officer defendants, as well as two additional claims for waste of corporate assets and unjust enrichment.

[11] Additionally, as Proposed Intervenors point out, "[a]s long as a part of the continuing wrong takes place within the limitations period, then the plaintiff can prove liability and damages for the *entire time that the continuing wrong was ongoing*, regardless of whether the limitations period

8

*Motor Co., Inc. v. Oldridge*, No. 522CV00252SSSSHKX, 2022 WL 21737783, at *4 (C.D. Cal. Nov. 14, 2022); *see also Bushansky*, 2012 WL 3276937, at *6 (reasoning that "the additional remedies plaintiff seeks are 'straw distinctions,' and taken together with the fact that his action puts forth nearly identical factual and legal issues, the actions are 'substantially similar' and thus, parallel."). At bottom, City of Hollywood twice concedes that overlap exists between the federal and state actions, and has not pointed to any substantial factual and legal differences between them. *See* ECF No. 134 at 16, 17. This factor, accordingly, weighs in favor of Proposed Intervenors, and the Court will address the remaining *Colorado River* factors.

### 2. Piecemeal Litigation

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Montanore Mins. Corp. v. Bakie*, 867 F.3d 1160, 1167 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017) (quoting *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)). For this factor to favor a stay, "the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding," and which "the court could not have avoided by other means." *Montanore Mins. Corp.*, 867 F.3d at 1167 (quoting *R.R. St.*, 656 F.3d at 979) (internal quotation marks and alteration omitted).

Proposed Intervenors argue that "[a]llowing the Federal Action to proceed would create the type of piecemeal litigation *Colorado River* and its progeny seek to avoid[.]" ECF No. 127 at 24. In response, City of Hollywood contends that the risk of piecemeal litigation is slight because their claims "are broader and seek damages that [Proposed Intervenors] do not seek." ECF No. 134 at 17.

While there may be some slight differences between the state and federal actions, an indefeasible fact remains: the core issue in each case—namely, state law breach of fiduciary duty—is the same. "Discovery in both cases would require taking the depositions of the same

---

would have run if calculated from when the continuing wrong began." *Lebanon Cnty. Employees' Ret. Fund v. Collis*, 287 A.3d 1160, 1212 (Del. Ch. 2022) (emphasis added). Thus, it appears that Delaware law permits Proposed Intervenors to recover damages from September 2018 to May 2019 and from the 2022 Consent Order.

9

witnesses, and requesting the same documents." *Brito v. New United Motor Mfg., Inc.*, No. C 06-06424-JF, 2007 WL 1345197, at *4 (N.D. Cal. May 8, 2007); *see also Krieger*, 776 F. Supp. 2d at 1062 ("maintaining the state-law class action claims in the federal action would result in piecemeal litigation" where "[t]he consolidated complaint in the Delaware Court of Chancery involves substantially the same Defendants, the same proposed class of shareholders, and virtually identical issues [concerning claims for breach of fiduciary duty]."). Because both cases must resolve nearly identical issues, granting a stay would almost certainly prevent duplicative efforts, mitigate the risk of conflicting results, and conserve judicial resources. *See Montanore Mins. Corp*, 867 F.3d at 1167. Thus, this factor militates in favor of Proposed Intervenors.

### 3. Order Jurisdiction Was Obtained

"The order in which the forums obtained jurisdiction is not evaluated mechanically, but rather based on 'the realities of the case at hand' 'in a pragmatic flexible manner.'" *GreenPower Motor Co., Inc.*, 2022 WL 21737783 at *5 (quoting *Montanore Mins. Corp*, 867 F.3d at 1168). For example, the Court accounts for the relative progress of the action in each forum. *See Am. Int'l Underwriters*, 843 F.2d at 1257.

Here, it is undisputed that the state action was filed before the federal action. ECF No. 134 at 18. Additionally, Proposed Intervenors have already prevailed on their demand futility allegations and discovery is underway. *See* ECF No. 59-1 at 5–6, 68, 81. Thus, this factor favors Proposed Intervenors.

### 4. Rule of Decision

"The fact that state law provides the rule of decision on the merits in a case may favor a stay, but 'only when the state law questions are themselves complex and difficult issues better resolved by a state court; it is not enough that a state law case is complex because it involves numerous parties or claims.'" *Montanore Mins. Corp*, 867 F.3d at 1168 (quoting *Seneca Ins. Co., Inc.*, 862 F.3d at 844.

The parties agree that Delaware law governs the state-law claims in both the federal and state court actions. *See* ECF No. 127 at 25–26; ECF No. 134 at 19. Proposed Intervenors believe this factor holds in their favor, as "the derivative claims have been pending before the State Court

10

for nearly two years, and the State Court has already issued rulings on Wells Fargo's demurrer, the individual defendants' motion to strike, and three individual demurrers for failure to state a claim." ECF No. 127 at 26. City of Hollywood, on the other hand, argues that this factor is neutral because "[t]his Court is equally, if not better, equipped to apply Delaware law as compared to the State Court." ECF No. 134 at 19 (citing *Sundquist on Behalf of Allstate Corp. v. Wilson*, No. 18 CV 3598, 2018 WL 6327007, at *5 (N.D. Ill. Dec. 4, 2018)) ("There is no dispute that . . . the governing law is Delaware law. Neither this [federal] court nor the Illinois state court have any presumptive expertise in applying Delaware law. This factor is therefore neutral, which disfavors abstention.").

The Court agrees with City of Hollywood that neither this Court nor the state court is better suited to rule on Delaware law. This factor is therefore neutral.

### 5. Adequacy of State Court

"A district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants." *R.R. St.*, 656 F.3d at 981. "For example, if there is a possibility that the parties will not be able to raise their claims in the state proceeding, a stay or dismissal is inappropriate." *Id.* (citing *Moses H. Cone*, 460 U.S. at 26).

City of Hollywood "does not doubt the State Court's competence to adjudicate State Plaintiffs' claims." ECF No. 134 at 20. Neither does this Court. This factor favors Proposed Intervenors.

### 6. Forum Shopping

A *Colorado River* stay or dismissal is warranted "when it was readily apparent that the federal plaintiff was engaged in forum shopping." *R.R. St.*, 656 F.3d at 981. "Forum shopping refers to '[t]he practice of choosing the most favorable jurisdiction or court in which a claim might be heard.'" *Id.* (quoting Black's Law Dictionary (9th ed. 2009)).

Proposed Intervenors argue that a stay or dismissal is warranted "even where there is no affirmative evidence of forum shopping because 'allowing a substantially similar federal action to proceed would likely encourage forum shopping.'" ECF No. 127 at 27 (quoting *Gintz v. Jack in The Box, Inc.*, No. C 06-02857 CW, 2006 WL 3422222, at *7 (N.D. Cal. Nov. 28, 2006)). City of

11

1  Hollywood points out that "[t]he Federal Action was not brought by any plaintiff who had
2  previously brought the same claims in state court," which often signals "serious concerns about
3  forum shopping." ECF No. 134 at 20; *see Nakash*, 882 F.2d at 1413 (holding that this factor
4  weighs "strongly in favor of abstention," where the state plaintiff became "dissatisfied with the
5  state court" and sought a "new [federal] forum for their claims.").

6  Although the federal action was filed later and contains substantial overlap with the state
7  action, there is no evidence in the record from which to conclude that City of Hollywood engaged
8  in forum shopping. *Cf. Bushansky*, 2012 WL 3276937, at *5 (finding that there were "sufficient
9  concerns of forum shopping" where the federal action appeared "vexatious and reactive.").
10 Accordingly, this factor favors City of Hollywood.

11 In sum, four of the six factors—including arguably the most important factor,
12 parallelism—favor Proposed Intervenors; one of the remaining factors is neutral; and the other
13 favors City of Hollywood. Therefore, the Court concludes that this case presents sufficiently
14 "exceptional circumstances" to justify a stay or dismissal under *Colorado River*. *See Colorado*
15 *River*, 424 U.S. at 813.

### D.     Stay or Dismissal

The Ninth Circuit has instructed that "district courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*." *Coopers & Lybrand v. Sun–Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990). "This is in order to ensure that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate." *Bushansky*, 2012 WL 3276937, at *7 (internal quotations and alterations omitted). Accordingly, the instant action is stayed rather than dismissed.

### CONCLUSION

For the foregoing reasons, Proposed Intervenors' motion to stay is granted. This action will be stayed until the state action is resolved. The pending motions to dismiss and motion for joinder, ECF Nos. 130, 131, are also terminated without prejudice to re-filing, if appropriate. The

/ / /

1  parties shall file a status report within 10 days of the resolution of the state action and shall
2  indicate if any issues for this Court remain outstanding.
3  **IT IS SO ORDERED.**
4  Dated:  June 5, 2024



JON S. TIGAR
United States District Judge